# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3701

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa |
| | * | |
| Michael Birks, also known as Player, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

———————

Submitted: July 27, 2005
Filed: August 26, 2005

———————

Before MELLOY, LAY, and COLLOTON, Circuit Judges

———————

PER CURIAM.

Mr. Birks pleaded guilty to possessing crack cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The government and Mr. Birks identified the applicable Federal Sentencing Guidelines range as seventy-eight to ninety-seven months and recommended a bottom-of-the-range sentence of seventy-eight months. The district court, applying the Sentencing Guidelines in a non-advisory manner, exercised its discretion to reject the recommendation and impose a sentence of eighty-eight months. Mr. Birks filed a timely appeal, and counsel for Mr. Birks filed a brief under Anders v. California, 368 U.S. 738 (1967), requesting permission to withdraw.

While the appeal was pending, the Supreme Court issued its opinion in Blakely v. Washington, 124 S.Ct. 2531 (2004), finding aspects of the State of Washington's sentencing regime unconstitutional and calling into question the constitutionality of the Federal Sentencing Guidelines. We conducted an independent review as required by Penson v. Ohio, 488 U.S. 75 (1988), found a potentially non-frivolous issue related to Blakely, and denied counsel's request to withdraw. The Supreme Court then decided United States v. Booker, 125 S.Ct. 738 (2005), effectively rendering the Federal Sentencing Guidelines advisory in all cases. We subsequently issued our en banc decision in United States v. Pirani, 406 F.3d 543 (8th Cir. 2005), setting forth standards for the preservation and plain error review of Blakely/Booker issues. After Pirani, we instructed the parties in this case to file supplemental briefs regarding the issues of preservation of error and plain error.

Under our standard as set forth in Pirani, it is clear that Mr. Birks failed to preserve any Blakely/Booker error. Accordingly, we review only for plain error. To be entitled to relief under the plain error standard as articulated in Pirani, a defendant must demonstrate error that is plain and that affects the defendant's substantial rights. Pirani, 406 F.3d at 550. To show that a Blakely/Booker error affects substantial rights, a defendant must "establish a reasonable probability that, but for Booker error, the defendant would have received a more favorable sentence under an advisory guidelines regime." Pirani, 406 F.3d at 553. Here, the district court applied a middle-of-the-range sentence above that recommended by the government. There is nothing to suggest that the Sentencing Guidelines constrained the district court or that the district court would have imposed a lesser sentence had it not treated the Guidelines as mandatory.

Finding no plain error, we affirm the judgment of the district court.

_____